UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GIGANTIC MEDIA, LLC<br>5222 RICHMOND ROAD<br>BEDFORD HEIGHTS, OH 44128 | : <br> : <br> : <br> : | Case No.<br><br>Judge |
| Plaintiff, | : <br> : | |
| v. | : <br> : <br> : | **COMPLAINT** |
| CITY OF NORTH RIDGEVILLE, OHIO<br>7307 AVON BELDEN ROAD<br>NORTH RIDGEVILLE, OH 44039 | : <br> : <br> : | |
| Defendant. | | |

Plaintiff GIGANTIC MEDIA, LLC for its Complaint against Defendant CITY OF NORTH RIDGEVILLE, OHIO, hereby alleges as follows:

**PARTIES**

1. Plaintiff Gigantic Media, LLC is a limited liability company under the laws of the State of Ohio doing business at 5222 Richmond Road, Bedford Heights, Ohio.

2. Defendant CITY OF NORTH RIDGEVILLE, OHIO (the "City") is a municipal corporation located within Lorain County, Ohio; it is created and existing under and by virtue of the laws of the State of Ohio. In fulfilling its duties, the City acts by and through various commissions and public officials, including, without limitation, its Law Director and its Board of Zoning and Building Appeals (the "Board").

3. All actions by the Defendant described herein were undertaken under color of state law, which caused the deprivation of Plaintiff's rights protected by the United States Constitution.

4. All acts herein of the Defendant, its officers, agents, servants, employees, or persons acting at its behest or direction, were done and are continuing to be done under the color or pretense of state law.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to prevent imminent deprivations, under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under 28 U.S.C. § 2201(a), to secure declaratory relief; under 28 U.S.C. § 2202, to secure preliminary and injunctive relief and damages; and under 42 U.S.C. § 1988 to grant Plaintiff's prayer for relief regarding the recovery of costs, including damages, restitution, and reasonable attorney fees.

6. Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 82.1 as (i) Defendant is situated within this judicial district and division; (ii) Defendant transacts business within this District; and (iii) the conduct complained of occurred within this District.

## FACTUAL ALLEGATIONS

7. On or about July 31, 2019, Plaintiff submitted an application for a sign permit for the erection of a two-sided 14' x 48' highway LED billboard at 32200 Lorain, North Ridgeville, Ohio (the "Sign") to City's Building Department.

8. Simultaneous with that sign permit, Plaintiff submitted a variance application for the Sign to the Board, and the Board scheduled the hearing on the application to take place on September 26, 2019.

9. On or about June 19, 2019, the Ohio Department of Transportation ("ODOT") had approved the Sign by issuing Permit Number 44673 and Permit Number 44674 (*i.e.*, one permit for each side of the Sign) and the only thing remaining was the local approval.

10. On July 31, 2019, the Sign only required City approvals in order for Plaintiff to proceed with installation.

11. Chapter 1286, *Signs*, of the Codified Ordinances of the City of North Ridgeville (the "Zoning Code") regulates all signs within the City.

12. Section 1286.02 of the Zoning Code is entitled *Classification of Signs* and explicitly states that signs are "classified by content and use."

13. Section 1286.02(a)(13) of Zoning Code defines "off-premises advertising sign" to mean "any outdoor sign, billboard or other contrivance directing attention to a local business, product, service or entertainment sold, conducted or offered other than on the same lot where the device is situated. Local businesses are those located within the City."

14. The Sign met the definition of "off-premises advertising sign" except that a variance to Section 1286.02(a)(13) of the Zoning Code was required because the proposed advertisement(s) would not be for a "local business…located within the City."

15. Section 1286.04(a)(8) of the Zoning Code permits "off-premises advertising signs which are located on a lot adjacent to a freeway interchange, or within 1,320 feet of the right of way of an interchange" with a minimum setback of 660 feet and with a 250-foot separation, "so long as the business [advertised] is located near the interchange and in the City."

16. The Sign complied with Section 1286.04(a)(8).

17. Section 1286.05(d)(5) of the Zoning Code sets a maximum area of 185 square feet per side for "freeway-oriented signs (limited access highway only) and off-premises advertising devices."

18. The Sign has an area of 672 square feet per side so a variance to Section 1286.05(d)(5) of the Zoning Code for 487 feet was required.

19. Section 1286.07(b) of the Zoning Code sets the maximum height of "freeway-oriented signs (limited access highway only) and off-premises signs" at "seventy-five feet above the average terrain or highway level, whichever is greater in overall height."

20. The Sign had a height of eighty (80) feet so a variance to Section 1286.07(b) of the Zoning Code of five (5) feet was required.

21. Section 9.4 of the City's Charter grants the Board the power to "permit an exception or variance from the zoning or building ordinances only when there are practical difficulties or unnecessary hardships in the way of carrying out the strict interpretation of said ordinances and so long as the granting of such exception or variance will be in harmony with the general purpose or intent of such ordinances and the public health, safety or general welfare will continue to be secured and substantial justice done."

22. Section 1244.05 of the Zoning Code sets criteria for the Board to grant variances to the Zoning Code, and, in any scenario, the City's ordinances cannot conflict with the City's Charter.

23. Despite its Charter and ordinance duty to hear to the variances required by the Sign (described above), City Law Director Brian Moriarty cancelled the hearing on Plaintiff's application and issued a letter to Plaintiff dated August 20, 2019 (the "Letter"), stating the requested variance "does not fit within [the Board's] authority because it is a request for something not contemplated by the applicable ordinance."

24. In the Letter, Law Director Moriarty additionally stated: "Your request would amount to a 'rezoning' as opposed to a variance as the billboard is currently prohibited by the North Ridgeville Sign Ordinance (N.R. Chapter 1286)."

25. In the Letter, Law Director Moriarty also stated: "since the BZA currently has no authority to grant the type of variance you are seeking, we are withdrawing your application and providing you a full refund."

26. As of the date of the filing of this Complaint, the Board never held a hearing concerning the Sign including, but not limited to, a hearing on its application for variances even though the application was set for a hearing on September 26, 2019.

27. Upon information and belief, the City Law Director, not the Board, cancelled Plaintiff's variance application.

28. Law Director Moriarty had no authority to "withdraw" or otherwise reject Plaintiff's variance requests and/or sign permit application.

29. Plaintiff did not request a rezoning but rather requested variances to the Zoning Code to "the extent that any variances…may be needed for the approval of the billboard."

30. Section 1286.02(a)(13) of the Zoning Code includes "billboard" in the definition of "off-premises advertising sign."

31. Section 1286.09(e) enumerates the kinds of signs that are prohibited "in all districts" and does not include billboards as prohibited sign.

32. The Board has the authority to grant variances from the Zoning Code to permit signs that are otherwise prohibited by the Zoning Code.

33. The Board exercised said authority by granting a variance for an electronic billboard to Lorain Community College in 2012 as detailed below.

34. On or about May 2, 2012, the Lorain County Community College submitted a variance application to the Board concerning its entire signage plan and requested four (4) variances, one of which related to a billboard (the "Lorain County Community College Billboard").

35. The Building Inspector's comments regarding the Lorain County Community College Billboard noted a request for a variance "to install approximately 568 square foot sign on a privacy screen (fence)."

36. Section 1286.09(e)(3) of the Zoning Code prohibits signs "which are placed on utility poles, trees, fences, yard structures or other signs."

37. On May 24, 2012, the Board heard the College's requests for variances, including the variance required for the Lorain County Community College Billboard.

38. During the hearing, Lorain County Community College representative Jim Harper explained the signage plan included "a 47 foot by 14 foot electronic billboard" on the east face of a privacy fence which would be visible from I-480.

39. College representative Harper also noted "the building sits near the intersection of Lorain [Road] and I 480."

40. During the hearing, Board member Linda Masterson noted that the College had "the option of putting up a highway sign" and "that this was something that is within [the College's] rights to ask for."

41. Board Member Martin DeVries noted that were "the Board was only looking at the [code-conforming] 14 foot square sign from Lorain Road, then that would be a different case." He continued "that now the situation is that we have I480. When the [Zoning] code was written, we didn't have this situation before." He concluded that he "didn't agree that there was a hardship…but there is a practical use for it by allowing the signs to be that large" because of the highway.

42. At the hearing, the Board granted a variance to Section 1286.09(e)(3) of the Zoning Code to approve the installation of a 568 square foot billboard on privacy screen fence for the Lorain County Community College Billboard.

43. The sign permit application for the Lorain County Community College Billboard, dated November 26, 2012, requested a permission to install a 14' x 47' "electronic billboard" and was approved by the City on or about November 28, 2012.

44. Upon information and belief, Chapter 1286, *Signs*, of the Zoning Code was not amended between the granting of the Lorain County Community College Billboard variance and the submittal of Plaintiff's variance application for the Sign.

45. Section 1286.18 of the Zoning Code mandates that Chapter 1296, *Signs*, "be reviewed by the Planning Commission and Council every three years in order to modify, alter or update its provisions or application if necessary or desirable."

46. On August 19, 2019, the Council of the City of North Ridgeville passed Ordinance No. 5667-2019 which stated, in relevant part:

> SECTION 1. Council hereby imposes a moratorium on the granting of permits and on the submission of requests for permits for billboards or signs which do not substantially conform to the billboards or signs currently allowed under N.R.C.O. Chapter 1286, *Signs*, for a period not to exceed 180 days from the effective date of this ordinance, in order to allow the North Ridgeville City Council to review applicable Ohio statutes, case law, planning and zoning concerns, other municipalities' ordinances and additional input relative to possible changes to our current ordinance.
>
> SECTION 2. During the period of the moratorium, no such permits shall be granted or requests accepted for billboards or signs not currently allowed under our existing ordinance.
>
> SECTION 3. During the period of the moratorium, the North Ridgeville City Council shall work diligently to collect, review and discuss all data gathered and to recommend any changes to the existing ordinance based on their deliberations.
>
> SECTION 4. This moratorium shall be in effect for 180 days from the effective date of this ordinance or until changes, if any, are enacted to amend the codified ordinances of the City of North Ridgeville to address any perceived issues, whichever occurs first.

47. The Ordinance failed to exempt pre-existing applications even though Plaintiff's application was submitted prior to the passage of Ordinance No. 5667-2019 and was pending when the City passed the ordinance.

48. Upon information and belief, Ordinance No. 5567-2019 was passed in response to Plaintiff's sign permit and variance applications.

7

49. The passage of Ordinance No. 5567-2019, especially the failure to exempt pending applications, was an exercise of bad faith by the City.

50. Plaintiff's application is grandfathered in and is not subject to the moratorium passed after Plaintiff's application was submitted to the City.

51. Despite Plaintiff's application being grandfathered under Chapter 1286 prior to the passage of the moratorium, the Letter (dated August 20, 2019, *i.e.*, the day after the emergency passage of the mortarium), Law Director Moriarty stated, "In the meantime, we recently adopted a six month moratorium on sign applications that do not currently fit within our Ordinance. This will allow City Council to review our Ordinance and address any and all issues. I will keep you informed when any such legislation is brought before Council."

52. Chapter 1286, *Signs*, of the Zoning Code violates the First Amendment of the U.S. Constitution on its face and as applied to Plaintiff because it illegally regulates speech based on content.

53. Defendant's withdrawal of Plaintiff's sign permit and variance applications was arbitrary and capricious in violation of Plaintiff's Due Process rights.

54. Defendant's passage of Ordinance No. 5567-2019 in response to Plaintiff's sign permit and variance applications, and without exempting pending applications, was arbitrary and capricious in violation of Plaintiff's Due Process rights.

55. Defendant's attempted application of the moratorium on Plaintiff's sign permit and variance applications is arbitrary and capricious in violation of Plaintiff's Due Process rights.

56. Defendant's denial of process to Plaintiff after granting process to the Lorain Community College for a similar billboard violated Plaintiff's right to Equal Protection under the law.

57. Plaintiff has suffered damages in the form of lost revenues in an amount be determined at trial, and as a direct result of Defendant's illegal actions.

58.

## FIRST CLAIM
## VIOLATION OF THE FIRST AMENDMENT
## TO THE UNITED STATES CONSTITUTION
## RIGHT TO FREE SPEECH

59. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

60. Section 1286.02 of the Zoning Code is entitled *Classification of Signs* and explicitly states that signs are "classified by content and use."

61. Relevant here, Section 1286.02(a)(13) of the Zoning Code limits "off-premise advertising" signs to signs that advertise local businesses that are "located within the City."

62. Such "[c]ontent-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2226 (2015).

63. Because Defendant did not narrowly tailor Section 1286.02(a)(13) of the Zoning Code to serve compelling state interests, Section 1286.02(a)(13) is unconstitutional on its face.

64. To the extent that Defendant applied Section 1286.02(a)(13) to Plaintiff in "withdrawing" or otherwise rejecting its sign permit and variance applications, Section 1286.02(a)(13) is additionally unconstitutional as applied to Plaintiff pursuant to 42 U.S.C. §1983 (applying *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

65. Sections 1286.02(a)(13) and 1286.04(a)(8) similarly illegally target speech based on content.

66. Plaintiff is entitled to an order from this Court (a) declaring that Section 1286.02(a)(13) and other content-based sections of Chapter 1286 of the Zoning Code (including Sections 1286.02(a)(13) and 1286.04(a)(8)) are unconstitutional on their face; (b) declaring that the application of Section 1286.02(a)(13) and/or other content-based sections of the Zoning Code (including Sections

1286.02(a)(13) and 1286.04(a)(8)) to restrict Plaintiff from moving forward with its sign permit and variance applications violates Plaintiff's First Amendment rights guaranteed under the United States Constitution pursuant to 42 U.S.C. §1983; (c) permanently enjoining the City from withdrawing Plaintiff's sign permit and variance applications; and (d) awarding Plaintiff its compensatory damages and damages pursuant to 42 U.C.S. §1988.

## SECOND CLAIM
## VIOLATION OF THE FOURTEENTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION
## RIGHT TO DUE PROCESS

67. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

68. Plaintiff's sign permit and variance applications were submitted prior to the passage of Ordinance No. 5667-2019 by the City Council of North Ridgeville.

69. Defendant's passage of Ordinance No. 5567-2019 in response to Plaintiff's sign permit and variance applications was an exercise of bad faith and was arbitrary and capricious in violation of Plaintiff's Due Process rights.

70. Plaintiff's applications were grandfathered to which the moratorium does not apply.

71. To the extent Defendant, through its Law Director or any other city official, withdrew or otherwise failed to process Plaintiff's sign permit and variance applications because the moratorium, such action was arbitrary and capricious in violation of Plaintiff's Due Process rights.

72. Before the issuance of the moratorium, the Board had authority to hear variance requests to any and all sections of Chapter 1286, *Signs*.

73. Indeed, if the Board did not have such authority, the moratorium would not have been necessary.

74. Plaintiff's application concerning its Sign required variances to Chapter 1286 as detailed above.

75. To the extent that Defendant, through its Law Director or any other city official, withdrew or otherwise failed to process Plaintiff's sign permit and variance applications because Defendant believed the Board had "no authority to grant the type of variance" Plaintiff was seeking, such action was arbitrary and capricious in violation of Plaintiff's Due Process rights pursuant to 42 U.S.C. §1983 (applying *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

76. Plaintiff is entitled to an order from this Court (a) declaring that the moratorium established by Ordinance No. 5667-2019 does not apply to Plaintiff's variance or sign application because it is grandfathered; (b) declaring that the Board has authority to grant the requested variances concerning the Sign; (c) finding that Passage of Ordinance No. 5667-2019 violates Plaintiff's Fourteenth Amendment Due Process rights guaranteed under the U.S. Constitution; (d) finding that withdrawal of Plaintiff's sign permit and variance applications violates Plaintiff's Fourteenth Amendment Due Process rights guaranteed under the U.S. Constitution; (e) permanently enjoining the City from withdrawing Plaintiff's sign permit and variance applications, and (f) awarding Plaintiff its compensatory damages and damages pursuant to 42 U.C.S. §1988.

## THIRD CLAIM
## VIOLATION OF THE FOURTEENTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION
## RIGHT TO EQUAL PROTECTION UNDER THE LAW

77. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

78. Before the issuance of the moratorium, the Board had authority to grant variances to any and all sections of Chapter 1286, *Signs*.

79. In May 2012, the Board granted variances to Chapter 1286 relating to the Lorain County Community College Billboard.

80. In November, 2012, the City issued a sign permit for the installation of the Lorain County Community College Billboard.

81. The Sign proposed by Plaintiff and the Lorain County Community College Billboard were of similar size and character, *i.e.*, both were an electronic billboard sized about 14 x 48 feet.

82. Plaintiff's application for its Sign, similar to Lorain County Community College Billboard, required variances to Chapter 1286.

83. There is no rational basis, let alone a compelling governmental interest, upon which the City may deny process to the Sign proposed by Plaintiff and grant process to the Lorain County Community College Billboard.

84. Despite the lack of a rational basis, let alone a compelling governmental interest, to treat the signs or their applicants differently, the City permitted the requested variances concerning the Lorain County Community College Billboard to be heard by the Board and issued a sign permit concerning the Lorain County Community College Billboard, but denied the Sign proposed by Plaintiff to have any process simply stating in the Letter that the applications had been "withdrawn."

85. To the extent that Defendant, through its Law Director or any other city official, withdrew or otherwise failed to process Plaintiff's sign permit and variance applications, such action violated Plaintiff's right to Equal Protection under the law pursuant to 42 U.S.C. §1983 (applying *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

86. Plaintiff is entitled to an order from this Court (a) finding the withdrawal of Plaintiff's sign permit and variance applications violated Plaintiff's Fourteenth Amendment right to Equal Protection under the law guaranteed under the United States Constitution; (b) permanently enjoining the City from withdrawing Plaintiff's variance and sign applications, and (c) awarding Plaintiff its compensatory damages and damages pursuant to 42 U.C.S. §1988.

## FOURTH CLAIM
## DECLARATORY JUDGEMENT AND INJUCTION

87. Plaintiff hereby incorporates by reference the allegations in the foregoing paragraphs as if set forth fully herein.

88. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning Plaintiff's rights under the United States Constitution.  A judicial declaration is necessary and appropriate at this time.

89. A state actor is liable under 42 U.S.C. § 1983 if it took "action pursuant to official policy of some nature [that] caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

90. "[M]unicipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

91. Plaintiff desires a judicial determination of its rights against Defendant and its right to erect exercise its constitutional rights to erect the billboard.

92. In order to prevent violation of Plaintiff's constitutional rights by Defendant, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, (1) declaring unconstitutional, facially and as-applied here, all relevant portions of the Chapter 1286, *Signs*, which regulate signs based on content, as well as Defendant's enforcement policies, practices, and actions related to the same; and (2) declaring that that the moratorium established in Ordinance No. 5667-2019 does not apply to Plaintiff's variance or sign applications as they are grandfathered; and (3) declaring that the Board has authority to grant the requested variances concerning the Sign.

93. Furthermore, pursuant to 28 U.S.C. § 2202 and FED. R. CIV. P. 65, it is appropriate and hereby requested that this Court issue a permanent injunction (1) prohibiting the Defendant from applying Chapter 1286 of the Zoning Code to the extent its sections, including Section 1286.02(a)(13), are unconstitutional, in order to prevent the ongoing violation of Plaintiff's constitutional rights; (2)

13

prohibiting Defendant from applying the moratorium to Plaintiff's sign and variance application; and (3) ordering Defendant to permit Plaintiff to erect its billboard.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and that the Court:

(1) Declare Section 1286.02(a)(13), and other content-based sections of the Zoning Code that restrict speech (including Sections 1286.02(a)(13) and 1286.04(a)(8)) as existed on July 31, 2019, are unconstitutional, both facially and as applied to Plaintiff;

(2) Declare that Plaintiff's sign and variance applications are grandfathered, and the moratorium contained in Ordinance No. 5667-2019 does not apply;

(3) Declare that the Board has authority to grant the requested variances concerning the Sign;

(4) Declare that Plaintiff has the right to erect the billboard;

(5) Enter preliminary and permanent injunctive relief barring Defendant from interfering with Plaintiff's right to erect the billboard;

(6) Award damages against Defendant and in favor of Plaintiff to compensate Plaintiff for violations of their constitutional rights and to compensate for lost revenue; and

(7) Pursuant to 42 U.S.C. §1988 and other applicable law, award Plaintiff its costs and expenses incurred in bringing this action, including its reasonable attorneys' fees;

(8) Grant such other and further relief as the Court deems equitable, just, and proper.

Respectfully submitted,

/s/ Majeed G. Makhlouf
Majeed G. Makhlouf (0073853)
Elizabeth Wells Rothenberg (0088557)
Berns, Ockner & Greenberger, LLC
3733 Park East Drive, Suite 200
Beachwood, Ohio 44122
Telephone: (216) 831-8838
Facsimile (216) 464-4489
mmakhlouf@bernsockner.com